UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN BEACH and TANA BEACH,<br><br>  Plaintiffs,<br><br>   v.<br><br>TEXACO INC. et al.,<br><br>  Defendants. | CASE NO. 2:25-cv-01146-JNW<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR REMAND |

## 1. INTRODUCTION

This motion comes before the Court on Plaintiffs' motion to remand. Having considered the motion, the record, and the applicable law, the Court DENIES the motion to remand. Dkt. No. 40.

## 2. BACKGROUND

This case involves Plaintiff Glen Beach's exposure to gasoline and benzene as a gasoline station attendant and automotive mechanic at a Texaco gas station in Wapato, Washington, between 1970 and 1974. Dkt. No. 1-2 at 6–7. He alleges that these exposures caused him to develop cancer. He and his spouse, Tana Beach, sued Defendants in King County Superior Court for negligence, gross negligence, strict

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND - 1

|   |   |
|---|---|
| 1 | products liability, and breach of warranty on April 16, 2025. They served the |
| 2 | removing Defendants (Texaco Inc. and Union Oil Co. of California) on April 30, |
| 3 | 2025, and they amended their complaint in state court on May 7, 2025. The |
| 4 | amended complaint states that diversity jurisdiction does not exist because "[t]here |
| 5 | is no diversity of citizenship." Dkt. No. 1-5 at 3. The removing Defendants learned |
| 6 | through their own investigation, however, that complete diversity existed. On June |
| 7 | 18, 2025, they removed the case based on diversity jurisdiction. Plaintiffs move to |
| 8 | remand, arguing that removal was untimely.[1] |

### 3. DISCUSSION

Plaintiffs argue that removal was untimely under 28 U.S.C. § 1446(b), which sets a thirty-day cutoff to remove a case to federal court. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). "Often, the basis for removal is clear from the complaint (or other initial pleading), and so the thirty days begin to run from the date a defendant receives the initial pleading." *Id.* (citing 28 U.S.C. § 1446(b)(1)). Courts call this the "first pathway to removal." *Id.* "But 'if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting 28 U.S.C. § 1446(b)(3)). "This is the second pathway to removal." *Id.*

---

[1] Initially, Plaintiffs also argued that Defendants failed established complete diversity, but they later withdrew that argument. Dkt. No. 54 at 2.

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND - 2

As Defendants correctly point out, these two pathways to removal are not exclusive. A defendant may also remove a case "on the basis of its own information," rather than documents received from the plaintiff. *Roth v. CHA Hollywood Med. Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Indeed, the Ninth Circuit has clarified that the removal statutes "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.* "In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *Fagen v. Landstar Ranger, Inc.*, Case No. 6:21-cv-01502, 2022 WL 214635, at *1 (D. Or. Jan. 25, 2022) (quoting *Rea*).

Here, the removing Defendants learned that complete diversity existed, making this case removable, through their own, informal discovery. Plaintiffs now agree that the requirements for diversity jurisdiction are met, even though the complaint states otherwise. Dkt. No. 54 at 2. Because neither 30-day removal "pathway" triggered, the removing Defendants were not on a clock. Removal was thus timely.

Plaintiffs' arguments to the contrary are not persuasive. They maintain that Defendants should have known this information and recognized that the case was immediately removable. Plaintiffs also argue that removal is improper because Defendants failed to disclose exactly when they learned that complete diversity existed. But the Ninth Circuit has rejected similar arguments and confirmed that

the thirty-day clock does not start when the defendant discovers information making the case removable. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). "'Preferring a clear rule, and unwilling to embroil the courts in inquires 'into the subjective knowledge of [a] defendant,' [the Ninth Circuit has] declined to hold that [defendant's] materials outside the complaint start the thirty-day clock." *Id.* (quoting *Harris v. Bankers Lie and Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005)).

### 4. CONCLUSION

Because the removing Defendants were not subject to a 30-day removal deadline, and because they removed based on their own information, removal was timely. Accordingly, the Court DENIES Plaintiffs' motion to remand. Dkt. No. 40.

Dated this 29th day of August, 2025.

Jamal N. Whitehead
United States District Judge