UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN BEACH and TANA BEACH,<br><br>Plaintiffs,<br><br>v.<br><br>TEXACO INC. et al.,<br><br>Defendants. | CASE NO. 2:25-cv-01146-JNW<br><br>ORDER GRANTING LEAVE TO AMEND |

## 1. INTRODUCTION

Plaintiffs' motions to amend their complaint come before the Court. Dkt. Nos. 63 and 64. The Court GRANTS the motions, as discussed below.

## 2. BACKGROUND

Glen Beach developed a type of cancer allegedly caused by exposure to benzene-containing products over several decades. Mr. Beach and his wife Tana Beach filed this products liability action in King County Superior Court against manufacturers and distributors of paints, solvents, and other related products. Defendants removed the case based on diversity of citizenship. Mr. Beach died during the pendency of this litigation. Plaintiffs now move to amend their complaint

ORDER GRANTING LEAVE TO AMEND - 1

to substitute Mrs. Beach as personal representative of Mr. Beach's estate, add survival and wrongful death claims, and add Energy Transfer (R&M), LLC ("Energy Transfer") as a defendant.

## 3. DISCUSSION

### 3.1 Plaintiffs may amend their complaint as proposed to account for Plaintiff Glen Beach's death.

Plaintiffs' first motion to amend seeks to substitute Ms. Beach as personal representative of Mr. Beach's estate and to add survival and wrongful death claims. Plaintiffs submitted documents showing that Ms. Beach has been appointed as the personal representative of Mr. Beach's estate. Dkt. No. 63-2 (Mississippi Letters of Administration appointing Ms. Beach as administratrix). The motion is unopposed. *See generally* Dkt. Accordingly, the motion is GRANTED. Dkt. No. 63.

### 3.2 Plaintiffs may amend their complaint to add Defendant Energy Transfer (R&M), LLC.

Next, Plaintiffs move to amend their complaint to add Energy Transfer as a defendant. Plaintiffs allege that Energy Transfer is a citizen of Mississippi, like Plaintiffs. Thus, adding Energy Transfer would destroy complete diversity and require remand to King County Superior Court.

#### 3.2.1 28 U.S.C. § 1447(e) legal standard.

"When a plaintiff moves to join a diversity-destroying defendant following removal, a district court may 'deny joinder' or 'permit joinder and remand the action to the State court.'" *3WL, LLC v. Master Prot.*, 851 F. App'x 4, 7 (9th Cir. 2021) (quoting 28 U.S.C. § 1447(e)). The district court has discretion to permit or deny

joinder under 28 U.S.C. § 1447(e). *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). District courts in the Ninth Circuit consider six factors when deciding how to exercise their discretion: "(1) whether the new defendants should be joined under Rule 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is sought solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Soptich v. Stryker Corp.*, No. 19-cv-00744-RAJ, 2019 WL 6769368, at *1 (W.D. Wash. Dec. 12, 2019) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

### 3.2.2   Allowing joinder would facilitate the just adjudication of claims consistent with Rule 19(a).

Federal Rule of Civil Procedure 19(a) requires joinder of necessary parties; these are "persons whose absence would preclude the grant of complete relief, . . . whose absence would impede their [own] ability to protect their interests or [whose absence] would subject any of the parties to the danger of inconsistent obligations." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1010 (N.D. Cal. 2000); Fed. R. Civ. P. 19(a). In other words, a necessary party is one who "ha[s] an interest in the controversy," and who should be made a party so that the court may "decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *Id.* (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.

1991) (citation omitted)). Whether a party is a necessary party "can only be determined in the context of particular litigation." *Id.* (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 (1968)). And notably, while courts consider whether a party would be subject to joinder under Rule 19(a), amendment under Section 1447(e) is "a less restrictive standard than for joinder under [Rule] 19." *Soptich*, 2019 WL 6769368, at *2 (quoting *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011–12).

The Ninth Circuit has found a party to be necessary when declining to add that party would result in duplicative and wasteful litigation. *CP Nat'l Corp.*, 928 F.2d at 912. Indeed, the Advisory Committee noted that "[t]he interests that are being furthered [in Rule 19] are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Id.* (citation omitted).

Here, Defendants assert affirmative defenses alleging that Plaintiffs have failed to join unspecified, necessary parties. Plaintiffs contend that Energy Transfer may be one of those unspecified parties because it sold benzene-containing ingredients to Defendant Sherwin-Williams for the manufacture of paints and solvents that harmed the decedent. Defendants argue that there is "no evidence that any defendant has considered blaming Energy Transfer for the inherent risks of its raw materials." Dkt. No. 68 at 6. But Defendants' own affirmative defenses are evidence that they may blame Energy Transfer. Indeed, as Plaintiffs point out, Defendants have given no assurances that they will forgo blaming Energy Transfer. Moreover, this action is relatively new, and the Court cannot assume that

Defendants will forgo blaming Energy Transfer after more discovery has been exchanged. *See Soptich*, 2019 WL 6769368, at *2. Indeed, Defendants' response states that the decedent was potentially exposed to Energy Transfer's chemicals for four years. Dkt. No. 68 at 6. It would be "manifestly unfair" to allow Defendants to point the finger at Energy Transfer while precluding Plaintiffs from pursuing claims against Energy Transfer in the same action. *See Soptich*, 2019 WL 6769368, at *2; *see also Palestini*, 193 F.R.D. at 658 (finding joinder of chemical company defendants appropriate, in part, due to the shared "substantial issue" of causation "i.e., whether the chemicals at issue caused [the plaintiff's] cancer.").

Defendants argue that Energy Transfer is not a necessary party because its addition would "deprive the court of subject-matter jurisdiction" under the rule. Dkt. No. 68 at 5 (citing *Valdez v. Johnson & Johnson Consumer, Inc.* No. 3:21-cv-00873-BEN-DEB, Inc., 2021 WL 2982913, at *11 (S.D. Cal. July 15, 2021)). But applying that Rule 19(a) requirement in a Section 1447(e) analysis would be illogical, as Section 1447(e) analyses always involve a defendant who would destroy diversity if added. Accordingly, the Court rejects Defendants' argument and reiterates that the Section 1447(e) standard is more lenient. Thus, the first factor weighs in favor of permitting joinder.

### 3.2.3   On balance, the remaining factors favor joinder.

The second factor considers whether the statute of limitations would prevent the plaintiff from bringing a separate action in state court against the additional defendant it seeks to join. Here, the statute of limitations does not preclude

Plaintiffs from seeking relief against Energy Transfer in a separate lawsuit. Thus, this factor weighs against joinder. *See Soptich*, 2019 WL 6769368, at *2.

The third factor, which considers whether Plaintiffs have delayed bringing their motion, weighs slightly in favor of joinder. While Plaintiffs likely could have brought their motion sooner, this case is still in its early stages, and the Court has not yet issued a scheduling order.

As for the fourth factor, district courts "should look with particular care" at the plaintiff's motivations in joining a non-diverse party. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). While Defendants argue that Plaintiffs' sole motivation is to defeat diversity jurisdiction, the Court is not convinced that is the case on this record—especially given the affirmative defenses presented and Energy Transfer's role as a manufacturer and seller of benzene-containing products to other Defendants. Accordingly, the fourth factor also weighs in favor of joinder.

The fifth factor, too, favors joinder, as Plaintiffs' claims against the new defendant "seem valid." Whether a claim "seems valid" "is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Soptich*, 2019 WL 6769368, at *3 (citations and quotation omitted). District courts do not consider whether the plaintiffs have produced evidence to substantiate their claims at this stage—only whether the claims against the new defendant seem facially legitimate. *See Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *3–4 (N.D. Cal. May 10, 2010). Here, Plaintiffs allege that Energy Transfer "manufactured . . . distributed and sold . . . benzene-containing solvent ingredients

used in products manufactured by others that the Plaintiff was exposed to, including but not limited to the products of the Defendants," including Defendants Sherwin-Williams and The Savogran Company. Dkt. No. 64-2 (proposed amended complaint) at ¶ 2.16. Defendants' only argument on this point is that Plaintiffs have not submitted evidence to support their claims against Energy Transfer. But that is not the test. The Court thus finds that the proposed claims against Energy Transfer seem like valid claims. Accordingly, this factor supports permitting joinder.

Finally, the sixth factor—which considers prejudice to the plaintiff—also favors joinder. Again, given their affirmative defenses, Defendants may attribute fault to Energy Transfer. It would be unjust to allow Defendants to do so without allowing Plaintiffs to pursue claims against Energy Transfer in the same litigation, especially when Plaintiffs have moved to add Energy Transfer at such an early stage of the litigation.

Defendants assert that there is no need to add Energy Transfer because Plaintiffs maintain that joint and several liability applies. Thus, if Plaintiffs are correct about joint and several liability, Defendants will be liable for any fault potentially attributed to Energy Transfer, regardless of whether Energy Transfer is a party to this litigation. *See* Dkt. No. 68 at 6–7. Defendants' argument would be more persuasive if they conceded that joint and several liability applies. But they do not. And given Washington's comparative fault statute, RCW 4.22.070, it seems joint and several liability will be a contested issue.

Accordingly, on balance, the six factors weigh in favor of allowing Plaintiffs to amend their complaint to add Energy Transfer as a Defendant.

ORDER GRANTING LEAVE TO AMEND - 7

### 3.3 Plaintiffs may plead citizenship based on information and belief under these circumstances.

Defendants argue that Plaintiffs cannot allege the citizenship of a defendant based on information and belief. But the Ninth Circuit has held that "when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014).

The information Plaintiffs need to plead Defendant Energy Transfer's citizenship is not reasonably available to Plaintiffs. Energy Transfer is an LLC, and an LLC is a citizen of any state in which one or more of its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs explain that information about the citizenship of Energy Transfer's members is not publicly available. *See Carolina Cas. Ins. Co.*, 741 F.3d at 1087 ("Carolina explained . . . that it had made efforts to determine the citizenship of the two LLCs and four of the eight individual defendants but it was unable to do so from publicly available information."). Under these circumstances, pleading based on information and belief is sufficient. *Id.* ("We conclude that in this situation it was sufficient for Carolina to allege simply that the defendants were diverse to

it. Relatedly, we hold that Carolina should have been permitted to plead its allegations on the basis of information and belief.").[1]

### 4. CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motions for leave to amend. Dkt. Nos. 63 and 64. Plaintiffs may file their proposed amended complaint within SEVEN (7) days of the date of this order. If they do, the Court will remand this case to King County Superior Court.

Dated this 22nd day of December, 2025.

Jamal N. Whitehead
United States District Judge

---

[1] Additionally, Plaintiffs have explained why they believe that at least one of Energy Transfer (R&M), LLC's members is a Mississippi citizen. *See* Dkt. No. 80 at 7–9.

ORDER GRANTING LEAVE TO AMEND - 9